**REMINGTON RAND, Inc., v. GENERAL FIREPROOFING CO.**

No. 6719.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1935.

Barton A. Bean, Jr., of Buffalo, N. Y. (Milburn & Milburn, of Cleveland, Ohio, and Edwin T. Bean and Malcolm K. Buckley, both ·of Buffalo, N. Y., on the brief), for appellant.

D. P. Wolhaupter, of Washington, D. C. (Harrington, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The patent in suit, Dick and Wolters reissue 15,529, January 16, 1923, was in litigation in Remington Rand, Inc., v. Art Metal Construction Co., 45 F.(2d) 136 (C. C. A. 2), and Remington-Rand, Inc., v. Shaw-Walker Co., 65 F.(2d) 618 (C. C. A. 6). In the former case it was held valid; in the latter its validity was not passed upon. The present suit against another defendant is for infringement of both article and method claims. The defenses are invalidity and noninfringement. The trial court held that claim 1, an article claim, was not infringed, that the other article claims were invalid for lack of invention, and that the method claims were invalid for anticipation by earlier patents and by the manufacturing practices of the defendant commencing prior to the conception and filing of the patent.

■ The article claims generally call for a composite one-piece structure suitable for use as a safe or safe lining, with the free water removed therefrom, but with the chemically-bound water remaining therein. Claim 1 differs from the other article claims in calling for a cabinet or safe comprising such structure as an inner integral body with an outer shell of sheet metal, the outer shell being adapted to prevent exterior escape of vapor released from the inner structure. We agree with the trial court that this claim, even if valid, is not infringed by defendant's structure. The other article claims describe a one-piece safe or safe lining made by pouring a heat-insulating material mixed with water into a mold and subjecting it after it has set to a limited drying process to eliminate the free water without disturbing the chemically-bound water in the material. The casting of one-piece safes or safe linings in a mold was not new when the patentees, Dick and Wolters, entered the field. Such structures are shown in the French patent 357,491, December 28, 1905, and United States patent, Brintnall, 902,051, October 27, 1908, neither of which was before the court in the Art Metal Construction Company Case. Nor was it new to use heat-insulating materials for making the cast or

after the cast was set to apply heat to it to the point of eliminating the free and retaining the chemically-bound water. Long before the conception of Dick and Wolters, the appellee was engaged in manufacturing parts for safe linings from materials substantially the same as those employed by the patentees. The appellee, it is true, did not cast its device into a one-piece seamless structure, but cast slabs and panels which it oven-dried and joined together by cementing and electric welding into a one-piece form. With such a background of practice and patent teachings, it was not, in our opinion, invention to produce the Dick and Wolters device.

■ The method of the patent consists of the preparation of a mixture of suitable material with water to the proper degree, the pouring of the same into a suitable mold, allowing the cast to set in the mold, and subjecting the cast to a drying process to an extent sufficient to eliminate from it the free water and yet not sufficient to release the moisture which is chemically bound in the material. The method does not claim the use of a special or novel form of mold, but only a suitable mold. It is the same method as that employed by the appellee in its practice beginning back in 1915. The contention that the practice of this anticipatory method was not established because the evidence thereof rested upon the recollection of witnesses unsupported by record evidence cannot prevail against the showing that the witnesses were testifying not to their knowledge and recollection of an isolated practice of many years previous which had been discontinued and about which there might be some confusion, but concerning a practice which had begun prior to the filing of the patent application and had been continuously carried on under the observation of the witnesses from that time to the date of trial. It was this method that was held to be new in the Art Metal Construction Company Case, but, as we have stated, there was no evidence before the court in that case of the prior practice of the defendant shown in this case. Nothing is shown or claimed in the patent as to how it is to be ascertained when the drying process has progressed sufficiently to release the free, without disturbing the chemically-bound, water. The appellee used the weight method of determining the point, while the appellant uses an electric device highly sensitive to the presence of water. Perhaps ap-

pellant's method is better, though it formerly used the weight method, and the evidence is not convincing that one is better than the other. In any event, the two methods of making the cast, both as to substance and as to the elimination of water, are substantially the same, and we are convinced, as was the court below, that the evidence of the prior practice of the appellee is sufficiently clear and certain to defeat invention in the patentees' method.

The decree is affirmed.